UNITED STATES *v.* INTEROCEAN FORWARDING Co. (No. 1813).[1]

1. PLEADING—PROTEST—EVIDENCE—BURDEN OF PROOF—CONTINGENT-FEE AGREEMENTS.

Following United States *v.* Emery-Bird-Thayer Dry Goods Co. (8 Ct. Cust Appls., 150; T. D. 37273), decided concurrently herewith, it is not necessary for the protest to allege compliance with the provision of paragraph N of section 3, tariff act of 1913, forbidding contingent-fee agreements, nor does the burden of proof rest upon the protestant to show such compliance.

2. SURGICAL INSTRUMENTS WITH PIVOTED JAWS.

Surgical forceps and other instruments, with two lever handles working on a pivot, and with cutting, gripping, or punching jaws, identical with those in Koch & Co. *v.* United States (6 Ct. Cust. Appls., 534; T. D. 36148), are dutiable as manufactures of steel (par. 167, tariff act of 1913), and not as nippers and pliers (par. 166).

## United States Court of Customs Appeals, May 21, 1917.

APPEAL from Board of United States General Appraisers, G. A. 8019 (T. D..36959). [Affirmed.]

*Bert Hanson,* Assistant Attorney General, for the United States.

*Crim & Wemple* (*William L. Wemple* of counsel) for appellees.

[Oral argument May 11, 1917, by Mr. Hanson and Mr. Wemple.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

The merchandise in this case consists of surgical forceps and other instruments, with two lever handles working on a pivot, and with cutting, gripping, or punching jaws. The articles are conceded to be identical with those which were before this court in the case of Koch *v.* United States (6 Ct. Cust. Appls., 534; T. D. 36148).

The articles were returned as nippers and pliers, and were accordingly assessed with duty as such at the rate of 30 per cent ad valorem under paragraph 166, tariff act of 1913.

The importers protested, claiming assessment at the rate of 20 per cent ad valorem under the provisions for manufactures of steel in paragraph 167 of the same act.

The Board of General Appraisers sustained the protest, and the Government appealed.

The chief contention in the case at the trial before the board related to the question whether the protestants were bound to allege in the protest and prove in chief at the trial that they had complied with the statutory inhibition against agreements for contingent fees (paragraph N of section 3, act of October 3, 1913).

This question is considered at length by the court in the concurrent case of United States *v.* Emery-Bird-Thayer Dry Goods Co., herewith reported, and consequently will not be enlarged upon here.

In our opinion the decision of the board regarding the proper classification of the merchandise, as well as the practice in relation to the contingent-fee provisions of the statute, was correct, and the same is *affirmed.*

---

[1] T. D. 37274 (33 Treas. Dec., 48).